IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *TRANS ADVANTAGE, INC.*, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Cause No. 4:24-CV-00867-SRC <br> *LTE TRUCKING, INC.*, *and* ) <br> *LINKO PETKOV,* ) <br> ) <br> Defendants. ) | |

**PLAINTIFF TRANS ADVANTAGE, INC.'S MOTION TO COMPEL DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION AND INTERROGATORIES AND FOR THE COURT TO DEEM ADMITTED THE MATTERS IN PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANTS**

**The Discovery Dispute**

Plaintiff Trans Advantage, Inc. ("Trans Advantage") moves to compel Defendants LTE Trucking, Inc., and Linko Petkov's responses to Trans Advantage's (1) First Interrogatories to Defendant LTE Trucking; (2) First Requests for Production to Defendant LTE Trucking; and (3) First Interrogatories to Defendant Linko Petkov, which were all served on December 20, 2024, and due by January 21, 2025.

Trans Advantage additionally moves for the Court to deem admitted all Requests for Admissions in Trans Advantage's (1) First Requests for Admissions to LTE Trucking and (2) First Requests for Admissions to Linko Petkov.[1]

**Efforts to Resolve the Dispute**

After receiving no responses by January 21, Stephen Carman (counsel for Trans Advantage) sent correspondence to Defendants' counsel Edward Khatskin which requested the responses be provided by January 29 or for Mr. Khatskin to advise of availability for a phone

---

[1] Trans Advantage can provide the Court with or file the unanswered discovery if the Court requests.

conference to discuss the dispute.[2] Clayton Kuhn (counsel for Trans Advantage) spoke to Mr. Khatskin on January 28 and Mr. Khatskin advised that he cannot get documents from his clients and does not intend to respond to the discovery.

Trans Advantage's counsel emailed Mr. Khatskin and confirmed the January 28 discussion with Mr. Kuhn and the understanding that the discovery would not be responded to and further advised that Trans Advantage would be proceeding with a discovery motion. Mr. Khatskin responded that he would try to get ahold of his clients again and asked that Trans Advantage wait until February 7 to file its Motion. To date, no responses have been provided.

As reflected by the above, Trans Advantage's counsel has conferred with Defendants' counsel in good faith and been unable to resolve the dispute, as required by Local Rule 3.04.

### **Trans Advantage's Legal Position**

FRCP 33 requires a party to serve answers and any objections to interrogatories within 30 days and further states that any ground for objection "not stated in a timely objection is waived unless the court, for good cause shown, excuses the failure." FRCP 34 likewise requires responses to requests for production to be provided within 30 days and the same rule applies regarding the waiver of any objections not timely asserted unless there is good cause shown. *See Parshall v. Menard, Inc.*, Case No. 4:16-CV-828 (CEJ), 2016 WL 7188125, at *1 (E.D. Mo. Dec. 12, 2016). As Defendants have failed to timely respond to the Interrogatories and Requests for Production, they should be compelled to fully respond without objection.

Moreover, regarding the overdue Requests for Admissions, Trans Advantage moves for the Court to deem admitted all matters in these Requests. *See Schreiber v. Northland Group, Inc.*, No. 4:12CV01331AGF, 2013 WL 53852, at *2 (E.D. Mo. Jan. 3, 2013) ("Plaintiff has neither responded to the Requests for Admission nor made any other filing that might be considered a motion to withdraw admissions. Therefore, the Court concludes that Defendant's motion should be granted and the Requests for Admission deemed admitted.").

Trans Advantage moves for the Court to enter an order (1) compelling Defendants to provide complete responses without objection to Trans Advantage's (a) First Interrogatories to Defendant LTE Trucking; (b) First Requests for Production to Defendant LTE Trucking; and (c) First Interrogatories to Defendant Linko Petkov and (2) deeming all matters as admitted in the (a) First Requests for Admissions to Defendant LTE Trucking and (b) First Requests for Admissions to Defendant Linko Petkov. Trans Advantage additionally moves for an award of its reasonable attorneys' fees incurred in bringing this motion which is warranted here given Defendants' discovery conduct in this case which has already required Trans Advantage to pursue a Motion to Compel in order to receive any Rule 26 Initial Disclosures (ECF 32).

---

[2] The correspondence further noted that Defendants had failed to respond to the Requests for Admissions by January 21, and that, therefore, all matters in these Requests are deemed admitted. Rule 36(a)(3).

        SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Stephen W. Carman*
Clayton G. Kuhn, #55222MO
Ross A. Kaplan, #62990MO
Stephen W. Carman, #70910MO
701 Market Street, Suite 600
St. Louis, MO 63101
314.231.3332
314.241.7604 (Fax)
ckuhn@sandbergphoenix.com
rkaplan@sandbergphoenix.com
scarman@sandbergphoenix.com
*Attorneys for Plaintiff Trans Advantage, Inc.*

**Certificate of Service**

     I hereby certify that on February 14, 2025 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record:

        */s/ Stephen W. Carman*