UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRANS ADVANTAGE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:24-cv-00867-SRC |
| LTE TRUCKING, INC. and LINKO PETKOV, | ) ) ) ) |
| Defendants. | ) |

## Memorandum and Order and Judgment

On March 18, 2025, the Court held a status conference with counsel for Trans Advantage, Inc. and counsel for LTE Trucking, Inc. and Linko Petkov.  Doc. 52.  At this status conference, the Court notified the parties that it may grant summary judgment in favor of Trans Advantage pursuant to Federal Rule of Civil Procedure 56(f)(3), and the Court ordered both parties "to, no later than March 25, 2025, file a brief regarding their positions on whether the Court should grant summary judgment.  Doc. 53 at 1–2.[1]  Accordingly, both parties submitted briefs.  Trans Advantage filed a brief setting forth reasons why the Court should grant it summary judgment, doc. 55, and LTE Trucking and Petkov filed a brief indicating that (1) they do not have "a non-frivolous argument opposing [s]ummary [j]udgment" and (2) "they do not oppose [s]ummary [j]udgment being entered in" Trans Advantage's favor, doc. 54 at ¶¶ 2, 4.

The Court previously found all facts in the parties' Supplement to Their Joint Report Regarding Meet and Confer on Dispositive Motions, doc. 51, are not in dispute, doc. 53 at 1.  Now, considering these facts and all briefing filed on whether the Court should grant summary judgment in favor of Trans Advantage, the Court holds that Trans Advantage is entitled to

---

[1] The Court cites to page numbers as assigned by CM/ECF.

summary judgment on its (1) breach-of-contract claim against LTE Trucking and (2) negligent-misrepresentation claim against LTE Trucking and Petkov.  Thus, the Court hereby grants summary judgment in favor of Trans Advantage pursuant to Rule 56(f)(3) and enters the following Judgment:

On Count I of the Petition (Trans Advantage's claim for breach of contract against LTE Trucking), the Court enters a money judgment under Federal Rule of Civil Procedure 56(f)(3) in favor of Trans Advantage and against LTE Trucking as follows:

1. Judgment Balance:  $1,540,000.00

2. Post-Judgment interest on the Judgment Balance will continue to accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

On Count III of the Petition (Trans Advantage's claim for negligent misrepresentation against LTE Trucking and Petkov), the Court enters a money judgment pursuant to Federal Rule of Civil Procedure 56(f)(3), in favor of Trans Advantage and against LTE Trucking and Petkov, jointly and severally, as follows:

1. Judgment Balance:  $828,351.50

2. Post-Judgment interest on the Judgment Balance will continue to accrue at the statutory rate pursuant to 28 U.S.C. 1961.

The Court further notes that LTE Trucking's liability is distinct between Counts I and III, but the damages in Count I is inclusive of damages in Count III.  Therefore, in no event can Trans Advantage, Inc., recover more than $1,540,000.00 in Judgment Balance on Counts I and III, combined (plus post-judgment interest).  Further, any recovery of the Judgment Balance of Count III will reduce the Judgment Balance of Count I.

Finally, Trans Advantage pleaded Count II, its claim for promissory estoppel, in the alternative to Count I and does not seek judgment on Count II because it is entitled to judgment on Count I.  Doc. 55 at 5 n.1.  Accordingly, the Court dismisses with prejudice Count II.

So ordered this 28th day of March 2025.

_____<br>
STEPHEN R. CLARK<br>
CHIEF UNITED STATES DISTRICT JUDGE